```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
NERIS MONTILLA, et al.,            )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   C.A. No. 18-632 WES
                                   )
FEDERAL NATIONAL MORTGAGE          )
ASSOCIATION, et al.,               )
                                   )
        Defendants.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant Federal Housing Finance Agency's ("FHFA") and Federal National Mortgage Association's ("Fannie Mae") Motions to Dismiss, ECF Nos. 20, 22. For the reasons set forth below, both Motions are GRANTED.

I.  Background

This dispute involves a putative class action against Defendants FHFA, Fannie Mae, and C.I.T. Bank, N.A. ("C.I.T.")(collectively, "Defendants") for alleged wrongful foreclosure of Plaintiffs Neris Montilla's and Michael Kyriakakis's properties.[1] Am. Compl. ¶ 1, ECF No. 4. The relevant facts, as detailed in the Amended Complaint, are as follows.

---

[1] The Amended Complaint initially named two other plaintiffs — Ruben Velasquez and Roselia Montufar — and two other defendants — Seterus, Inc. and Mr. Cooper (formerly known as "Nationstar

On July 24, 2008, Montilla executed a mortgage in favor of Financial Freedom Senior Funding Corporation on a property in Providence to secure a promissory note in the amount of $427,500. Id. ¶ 53.  That mortgage was later assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") in 2009, and then ultimately assigned to its current holder, Fannie Mae, on April 20, 2015. Id. ¶ 54-55.  On September 10, 2016, following Plaintiff's alleged default, C.I.T., in its capacity as servicer of the loan for Fannie Mae, sent Montilla a "Notice of Intent to Foreclose and Mortgagee's Foreclosure Sale" ("Montilla Foreclosure Notice") noting a scheduled sale date of October 14, 2016.  Id. ¶ 56.  C.I.T. conducted a foreclosure sale on that date, at which time the property was sold to Fannie Mae for $160,000.  Id. ¶ 57.

Separately, in April of 2013, Kyriakakis executed a mortgage on his Cranston, Rhode Island property in favor of One West Bank, FSB as Lender and MERS as mortgagee to secure a promissory note in the amount of $239,750.  Id. ¶ 73-74.  The mortgage was assigned to Nationstar Mortgage, LLC (now known as "Mr. Cooper"), and later

---

Mortgage, LLC").  See Am. Compl. ¶¶ 15, 19, 21.  Plaintiffs Velasquez and Montufar voluntarily dismissed all of their claims in the action.  See Notice of Voluntary Dismissal as to Seterus, Inc., ECF No. 33; Notice of Voluntary Dismissal, ECF No. 34. Seterus, Inc.'s alleged wrongdoings relate only to those two Plaintiffs, so it was dismissed from the action entirely.  See Am. Compl. ¶¶ 66-67.  Defendant Mr. Cooper was also voluntarily dismissed from the case.  See Notice of Voluntary Dismissal as to Nationstar Mortgage, LLC, ECF No. 39.

to Fannie Mae.  Id. ¶ 75-76.  Following assignment to Fannie Mae, Mr. Cooper remained the servicer of the mortgage.  Id. ¶ 76.  In that capacity, Mr. Cooper sent a Notice of Intent to Foreclose and Mortgagee's Foreclosure Sale ("Kyriakakis Foreclosure Notice") to Kyriakakis on November 21, 2017.  Id. ¶ 77.  The property was sold to mortgagee Fannie Mae at a foreclosure sale on December 26, 2017 for $216,885.13.  Id. ¶ 78.

Plaintiffs filed a complaint in this Court on November 19, 2018 and subsequently amended their complaint on December 7, 2018. See Compl., ECF No. 1; see also Am. Compl.  Both Plaintiffs, individually and on behalf of others similarly situated, allege that Defendants violated the Due Process Clause of the Fifth Amendment insofar as they conducted the foreclosure proceedings "without first providing adequate notice, a meaningful hearing prior to the deprivation of property, and an opportunity to recover adequate damages."  Am. Compl. ¶¶ 58, 79.  Defendants Fannie Mae and FHFA filed the instant Motions to Dismiss on February 19, 2019. See FHFA's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 20; see also Fannie Mae's Mot. to Dismiss, ECF No. 22. Defendant C.I.T. joins both Motions.  See Notice by C.I.T. Bank, N.A. 1, ECF No. 23.

II.  Legal Standard

When reviewing a motion to dismiss, the Court must "accept the well-pleaded facts as true, viewing factual allegations in the

3

light most favorable to the plaintiff." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III. Discussion

Defendants argue that Fannie Mae and FHFA (and C.I.T., as an agent of those entities) are not government actors for purposes of Plaintiffs' Fifth Amendment due process claims.[2] Mem. of Law in Supp. of Def. FHFA's Mot. to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("FHFA's Mot. to Dismiss") 5, ECF No. 21; see Mem. in Supp. of Mot. to Dismiss of Def. Fannie Mae 10, ECF No. 22-1 (joining FHFA's government actor argument). Plaintiffs, primarily relying on Chief Judge McConnell's decision in Sisti v. Federal Housing Finance Agency, 324 F. Supp. 3d 273 (D.R.I. 2018), contend that both entities are government actors and therefore subject to these constitutional claims. Mem. of Law in Supp. of Pls.' Opp'n to

---

[2] Defendants further aver that even if Fannie Mae and FHFA could be considered government actors, Plaintiffs' due process claims fail on the merits. Mem. in Supp. of Mot. to Dismiss of Def. Fannie Mae 1, ECF No. 22-1. The Court need not reach this alternative argument because, as discussed infra, it agrees that Fannie Mae, FHFA, and C.I.T as Fannie Mae's agent are not government actors for purposes of Plaintiffs' constitutional claims.

4

Def. FHFA's Mot. to Dismiss for Failure to State a Claim ("Pls.' Opp'n to FHFA's Mot. to Dismiss") 3-4, ECF No. 30.

Fannie Mae is a government-sponsored enterprise created by Congress in the wake of the Great Depression to provide support for the residential mortgage market. See Jacobs v. Fed. Hous. Fin. Agency, 908 F.3d 884, 887 (3d Cir. 2018). Despite its birth by federal charter, Fannie Mae is a private, publicly traded corporation. See Town of Johnston v. Fed. Hous. Fin. Agency, 765 F.3d 80, 82 (1st Cir. 2014). In 2008, Congress passed the Housing and Economic Recovery Act, creating the FHFA and empowering it to act as conservator of Fannie Mae "for the purpose of reorganizing, rehabilitating, or winding up [] affairs", which right it exercised in September 2008. Id.; see 12 U.S.C. § 4617(a)(2); 12 U.S.C. § 4511; see also Am. Compl. ¶ 23-25. As conservator, FHFA succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and its stockholders, board of directors, and officers. See 12 U.S.C. § 4617(b)(2)(A).

Because a defendant cannot be held liable under the Fifth Amendment unless it is deemed a federal actor, Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8-9 (1st Cir. 2007), the Court must determine whether Fannie Mae and FHFA are government actors for purposes of Plaintiffs' constitutional claims.

A. Fannie Mae's Status as a Government Actor

To determine whether Fannie Mae is a government actor, the Court looks to the tripartite test in Lebron v. National Railroad Passenger Corp., 513 U.S. 374 (1995). Lebron instructs that a corporation "is part of the Government" for purposes of constitutional claims where "[(1)] the Government creates a corporation by special law, [(2)] for the furtherance of governmental objectives, and [(3)] retains for itself permanent authority to appoint a majority of the directors of that corporation." Lebron, 513 U.S. at 399. In Department of Transportation v. Association of American Railroads, 575 U.S. 43, 55 (2015), the Supreme Court reaffirmed Lebron, adding that the "practical reality of federal control and supervision prevails over Congress' disclaimer of . . . governmental status." Because there is no dispute that the first two factors have been met, the Court need only resolve the third question of the Lebron test here, and answer whether the federal government exercises permanent control over Fannie Mae.

Plaintiffs argue that FHFA's indefinite conservatorship amounts to permanent control over Fannie Mae. See Pls.' Opp'n to FHFA's Mot. to Dismiss 5-6. In support of this argument, Plaintiffs rely on Chief Judge McConnell's reasoning in Sisti, where he concluded that "[t]he practical reality . . . is that the government effectively controls Fannie Mae and Freddie Mac

6

permanently" because the government appoints the members of Fannie Mae's boards of directors, exercises total operational control, owns all of Fannie Mae's senior preferred stock, and warrants to purchase a majority of the common stock. Sisti, 324 F. Supp. 3d at 280; see Pls.' Opp'n to FHFA's Mot. to Dismiss 8-10. The court also found it to be critical that "the decision to end the conservatorship is left entirely to the discretion of the government". Sisti, 324 F. Supp. 3d at 280.

The majority of courts to consider this question have taken the opposite position - that Fannie Mae is not a government actor for purposes of constitutional claims. See, e.g., Rubin v. Fannie Mae, 587 F. App'x 273, 275 (6th Cir. 2014) (holding that "following FHFA's conservatorship, Fannie Mae is not a state actor" and recognizing that every district court up to that point had reached the same conclusion); see also Dean v. Crosscountry Mortg., Inc., No. 4:18-CV-705, 2019 WL 6271042, at *3 (E.D. Tex. Nov. 25, 2019)("[O]ther courts carefully have considered, and rejected [the] argument that the conservatorship of Fannie Mae and Freddie Mac in 2008 transformed those entities into government actors.") (internal citation omitted); FHFA's Mot. to Dismiss Ex. A (listing cases), ECF No. 21-1. In Herron v. Fannie Mae, 861 F.3d 160, 169 (D.C. Cir. 2017), the D.C. Circuit Court of Appeals, affirming the district court's ruling, examined the statute empowering FHFA to become Fannie Mae's conservator, finding that "the purpose of the

7

conservatorship is to restore Fannie Mae to a stable condition", which is "an inherently temporary purpose".[3] Herron, 861 F.3d at 169 (quoting Rubin, 587 Fed. Appx. at 275); see 12 U.S.C. § 4617(a) & (b)(2)(D). The court concluded, "[t]hus, the government's indefinite but temporary control does not transform Fannie Mae into a government actor." Herron, 861 F.3d at 169.

While the Court finds Judge McConnell's analysis in Sisti to be well-reasoned and sensible, it ultimately sides with the majority of courts to have considered the issue. Although the "conservatorship authorized the government to exercise substantial control over Fannie Mae, 'that control is temporary . . . .'"[4] Herron, 861 F.3d at 169 (quoting Meridian Invs. v. Fed. Home Loan Mortg. Corp., 855 F.3d 573, 579 (4th Cir. 2017)); see also Herron v. Fannie Mae, 857 F. Supp. 2d 87, 96 (D.D.C. 2012) ("Because

---

[3] Chief Judge McConnell rejected this line of reasoning in Sisti v. Fannie Mae, finding that the enabling statute acts as a Congressional disclaimer of the government's permanent control of Fannie Mae, and as such it could not be relied upon to determine that the government exercised temporary control. 324 F. Supp. 3d 274, 280 (D.R.I. 2018). Rather, he concluded that, despite not being an explicit statutory disclaimer of government control, the statute's "language still has the same effect — under Lebron, 'permanent' government control is required, and here Congress is disclaiming permanent control." Id. (quoting Lebron, 513 U.S. at 400).

[4] Indeed, there are signs that FHFA's conservatorship may soon end. See Fairholme Funds, Inc v. United States, 147 Fed. Cl. 1, 19-21, 33 (Fed. Cl. 2019) (taking judicial notice of statements by the Secretary of the U.S. Treasury and FHFA Director suggesting they are "committed to ending the conservatorships").

conservatorship is by nature temporary, the government has not acceded to permanent control over the entity and Fannie Mae remains a private corporation."). Accordingly, because the government does not exercise permanent control over Fannie Mae, it is not a government actor for purposes of Plaintiffs' constitutional challenge.

B. FHFA's Status as a Government Actor

As for the FHFA, there is no question that it is a government agency. See 12 U.S.C. § 4511. Defendants contend, however, that the FHFA is not subject to Plaintiffs' Fifth Amendment claims because it assumes Fannie Mae's private status while acting as its conservator. See FHFA's Mot. to Dismiss 15-21. This is so, Defendants argue, because "as Conservator, FHFA does not perform any function unique to the federal government when it exercises powers inherited from [Fannie Mae]." Id. at 16. Plaintiffs respond against to say that the "practical reality" is that the FHFA is a government actor. See Pls.' Opp'n to FHFA's Mot. to Dismiss 7-8 (citing Ass'n of Am. R.R., 575 U.S. at 55). Furthermore, relying on Sisti, Plaintiffs challenge Defendant's contention that the FHFA, as conservator, takes on Fannie Mae's private status. Id. at 12-15.

On this question, too, the Court sides with the majority of courts to have found that the FHFA is not a government actor in its capacity as conservator to Fannie Mae. See, e.g., Herron, 861

9

F.3d at 169; see also Parra v. Fed. Nat'l Mortg. Ass'n, No. CV 13-4031 FMO (SHx), 2013 WL 5638824, at *3 (C.D. Cal. Oct. 16, 2013) ("[T]he FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor."). Here, the FHFA's power to foreclose is a contractual right inherited from Fannie Mae by virtue of its conservatorship. See 12 U.S.C. § 4617(b)(2)(A)("The Agency shall, as conservator or receiver, and by operation of law, immediately succeed to – all rights, titles, powers, and privileges of the regulated entity."). When acting as conservator, the FHFA "steps into [Fannie Mae's] shoes, shedding its government character and also becoming a private party." Meridian Invs., Inc., 855 F.3d at 579; see Herron, 861 F.3d at 169 ("[W]hile the FHFA's status changed, the status of Fannie Mae, as the 'shoes' into which FHFA stepped, did not."); see also O'Melveny & Meyers v. F.D.I.C, 512 U.S. 79, 86 (1994) (finding that similar statutory language "appears to indicate that the FDIC as receiver 'steps into the shoes' of the failed [entity]" for purposes of state tort claims)(internal citations omitted). Accordingly, because the FHFA is similarly not subject to Plaintiffs' Fifth Amendment claims, those claims cannot proceed.

IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 20 and 22, are GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: May 26, 2020